IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

BILYANE TYGRETT,

          Plaintiff,

v.                                          CIVIL ACTION NO. 5:08-cv-01402

PENN VIRGINIA OIL & GAS CORPORATION,

          Defendant.

**MEMORANDUM OPINION AND REMAND ORDER**

The above-styled matter came before the Court for consideration of Defendant's Motion for Summary Judgment (Document No. 34). In the examination of the dispositive motion, supporting and opposing materials and the entire record herein, the Court questioned the propriety of its subject matter jurisdiction given the nature of Plaintiff's claim of trespass and the standards which govern awards of damages to real property.

Upon consideration of the Notice of Removal, Ex. B, Complaint ("Compl."), the parties' statements with respect to subject matter jurisdiction, discussed *infra*, and the entire record herein, the Court, for the reasons that follow, finds that pursuant to 28 U.S.C. § 1447(c) this Court lacks subject matter jurisdiction and that this matter should be remanded.

### *I. BACKGROUND*

This action originated in the Circuit Court of Raleigh County, West Virginia, on November 6, 2008, when Plaintiff Bilyane Tygrett alleged an action of trespass against Defendant Penn Virginia

Tygrett v. Penn Virginia Oil & Gas Corp.

Oil & Gas Corporation. In her Complaint, Plaintiff alleges that Defendant: "unlawfully and illegally" entered upon her land[1] without consent or permission "for the purposes of drilling and installing methane producing gas wells"; prevented her use and enjoyment of her property by its "wrongful use and occupation of [her] property"; created "great waste" and "committed severe and permanent [property] damage"; and continuously discarded "debris, rubbish and trash" thereby "greatly decreasing the value of [her] land and [her] ability to use and enjoy the same." (Compl., ¶¶ 4-6, 8, 10.) Plaintiff further alleges that she "has suffered damages in an amount that cannot now be determined, due to the continuing intentional trespass and damage to the property." (*Id*. ¶ 9.) She requests that damages be awarded "in an amount to be determined by the Court, together with interest thereon, and costs incurred, including attorney fees, and such other and general relief as the Honorable Court deem appropriate." (*Id*. at 2.)

Defendant admits that it is a Virginia corporation authorized to do business in West Virginia and that it engages in the business of operating coalbed methane wells. (Answer (Document No. 3), ¶ 3.) However, Defendant denies Plaintiff is entitled to recover damages in this action. (*Id*. ¶¶ 4, 8.) Defendant contends that it has the authority pursuant to leases obtained from owners of the mineral rights, to enter Plaintiff's property to mine for coalbed methane and that it has done so in a manner reasonably necessary to produce and develop such methane.

---

[1] It is undisputed that Plaintiff owns the surface of four tracts of land (*i.e.*, "Tract 1" (containing twenty-five (25) acres of land); "Tract 2" (twenty (20) acres); "Tract 3" (fifty-six and 25/100 (56.25) acres) and "Tract 4" (seventeen and 4/10 (17.4) acres), all located on the waters of Breckenridge Creek, Trap Hill District in Raleigh County, West Virginia. (*See* Defendant's Motion For Summary Judgment ("Def.'s Mot.") (Document No. 34) at 1.)

Tygrett v. Penn Virginia Oil & Gas Corp.

On December 5, 2008, Defendant removed this case and invoked this Court's jurisdiction on the basis that complete diversity exists among the parties and the suit satisfies the amount- in-controversy requirement. (Notice of Removal, ¶¶ 2-4; *see also* 28 U.S.C. §§ 1332, 1441.) Plaintiff did not contest the removal.[2] Although, Plaintiff did not challenge the removal or this Court's jurisdiction, this Court must satisfy itself of its jurisdiction to resolve any meritorious issues properly presented for review.

## II.  APPLICABLE LAW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. (28 U.S.C. § 1441.) Congress has authorized the federal courts to exercise diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]" (28 U.S.C. §§ 1331, 1332(a)(1); *see also* 28 U.S.C. §1441.) It is a long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *See Strawn v. AT &T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (citations omitted); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted). Accordingly, in this case, Defendant has the burden to show the existence of federal jurisdiction by a preponderance of the evidence. *See Landmark Corp. v. Apogee Coal Co.*, 945 F.Supp. 932, 935 (S.D. W. Va. 1996)

---

[2]  Thereafter the parties engaged in discovery. On November 23, 2009, this case was reassigned from the docket of the Honorable Thomas E. Johnston, United States District Judge, to this Court for all proceedings. (Order (Document No. 33.))

3

Tygrett v. Penn Virginia Oil & Gas Corp. (Copenhaver, J.) (When "[a] defendant . . . removes a case from state court in which the damages sought are unspecified, asserting the existence of federal jurisdiction, [the defendant] must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount.")[3] A defendant must furnish evidence in support of the statutory jurisdictional amount. "[A] mere assertion that the amount in controversy exceeds $75,000.00 is insufficient to meet this burden." *White*, 2009 WL 2762060 at *2; *see Wickline v. Dutch Run-Mays Draft, LLC*, 606 F.Supp.2d 633, 635 (S.D. W. Va. 2009) ("Where a complaint does not request a specific amount of damages, courts may require a removing defendant to establish the jurisdictional amount. 'In such circumstances, . . . the court may look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue.'") (quoting *Mullins v. Harry's Mobile Homes, Inc.*, 861 F.Supp. 22, 23 (S.D. W. Va.1994)).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); c*f.* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Moreover, the importance of establishing the existence of subject matter jurisdiction at all stages of the proceedings has been explained by the Fourth Circuit, in that: "[s]ubject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties. Accordingly, questions of subject-matter jurisdiction may be raised at any point in the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court."

---

[3] *See also White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W. Va. Aug. 26, 2009) (Faber, J) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp. 2d 481, 488 (S.D. W. Va. 2001) (noting that courts in this district have engaged in some debate with respect to the burden of proof applicable to determine the amount in controversy in cases where the complaint does not specify a sum certain in the complaint.).

Tygrett v. Penn Virginia Oil & Gas Corp.

*Deskins v. ALZA Corp.*, Civil Action No. 1:08-0788, 2009 WL 36489, *1 (S.D. W. Va. Jan. 5, 2009) (citing *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004)) (internal citations omitted). In deciding whether to remand, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999); *see Guyon v. Basso,* 403 F.Supp. 2d 502, 505 (E.D. Va. 2005) ("Doubts about the propriety of removal should be resolved in favor of remanding the case to state court.") (citing *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004)).

### *III.  DISCUSSION*

This is a diversity case, and the amount in controversy must exceed $75,000, exclusive of interest and costs. (28 U.S.C. § 1332.) There is no question that the parties are diverse. Plaintiff is a citizen of West Virginia (*see* Compl., ¶1); Defendant is a "corporation organized and existing under the laws of the Commonwealth of Virginia" (Notice of Removal, ¶ 3; *see* Answer, ¶ 3.) Because Penn Virginia removed this case to federal court, it bears the burden of proving, by a preponderance of the evidence, that this Court has subject matter jurisdiction–namely, that the $75,000 jurisdictional amount has been satisfied.

In West Virginia, there is a one measurement which controls the recovery of damages for injuries to realty. *See Jarrett v. E.L. Harper & Sons, Inc.*, 235 S.E.2d 362 (W. Va. 1977).[4] In *Jarrett*, the Supreme Court of Appeals of West Virginia redefined the rule governing awards of

---

[4]  Prior to *Jarrett,* West Virginia case law established two classes of injuries to real property, temporary and permanent. The measure of damages depended upon the classification of the injury. However, the Court "recognized the problems involved in determining into which classification a particular injury [fell]." (*Id*. at 402.)

Tygrett v. Penn Virginia Oil & Gas Corp.

compensation for damages to real property by adopting a single "manageable and meaningful" standard, which requires that:

> When realty is injured the owner may recover the cost of repairing it plus his expenses stemming from the injury including loss of use during the repair period. If the injury cannot be repaired or the cost of repair would exceed the property's market value, then the owner may recover the money equivalent of its lost value plus his expenses resulting from the injury including loss of use during the time he has been deprived of his property.

*Id.* at 365; *see also Proctor v. 7-Eleven, Inc.*, 180 Fed.Appx. 453, 457 (4th Cir. 2006) (unpublished opinion) ("[Jarrett] is the seminal West Virginia case on [real] property damage."). In *Depeterdy v. Cabot Oil & Gas Corp*, a Judge of this court concluded that "[u]nder this standard, recovery for damaged property may never exceed the market value of the property plus expenses." *Depeterdy v. Cabot Oil & Gas Corp.*, Civil No.97-966-2, 1999 WL 33229744, *4 - 5 (S.D. W. Va. Sept. 13, 1999) (Copenhaver, J.) (surface rights owner alleged oil and gas corporation trespassed upon his property and caused surface damage by its cutting and removal of timber from a tree farm, building of access roads across the property and the construction of a well.)

Upon review of Plaintiff's allegations of trespass and property damage and the entire record before the Court, the Court considered that the appropriate measure of the amount in controversy in this case would involve consideration of the property value of Plaintiff's land and the extent of the alleged property damage. With respect to the value of the matter in controversy, Plaintiff does not demand any specific monetary award in her complaint. Rather, Plaintiff merely alleges that she has suffered damages "that cannot now be determined, due to the continuing intentional trespass and damage to the property" and that Defendant's actions "greatly decreas[es] the value of [her] land and

Tygrett v. Penn Virginia Oil & Gas Corp.

[her] ability to use and enjoy the [property]."[5]  Thus, upon a thorough review of the record before the Court, the Court questioned the propriety of its subject matter jurisdiction.  Therefore, on July 12, 2010, the Court highlighted Plaintiff's allegation for damages and ordered the parties to submit statements with respect to this Court's subject matter jurisdiction "[g]iven the nature of Plaintiff's claim . . . and any standards which govern awards of damages to real property" (Order (Document No. 51.) at 2.)  The Court advised Defendant of its burden as the removing party to demonstrate by a preponderance of the evidence that this Court has subject matter jurisdiction. (*Id.*)

On July 14, 2010, the parties submitted their response to the Court's Order.[6]  In her statement to the court, Plaintiff simply echoed the allegations of her complaint and in a conclusory fashion stated that "the amount-in-controversy exceeds $75,000, excluding interest, costs and attorney fees." (Pl.'s Statement, ¶ 4.)[7]  However, Defendant did not avail itself of the opportunity to demonstrate this

---

[5] At the time of the removal, Defendant asserted that "the amount in controversy . . . exceeds, exclusive of interest and costs, the sum of . . . $75,000 as admitted by plaintiff's attorney in the case information sheet he filed with the complaint initiating this action."  (Notice of Removal, ¶ 4.)  The Court observes that on the state court's Case Information Sheet, in the "Monetary Relief Requested" section there is an "x" in the box that denotes the selection of "Over $100,000.00"  (Notice of Removal, Ex. A, Plaintiff's Case Information Sheet.)  Plaintiff did not challenge that such an assertion is sufficient to serve as the basis upon which this Court's subject matter jurisdiction can be supported.  Defendant cites no authority for the proposition that a party's representation on a Case Information Sheet is sufficient to warrant the invocation of a removal, and,  indeed, this Court does not know of any.  However, the Court makes no findings herein with respect to the adequacy of such an assertion.  Moreover, on these facts, the Court would view such defect, if indeed there be any, as procedural in nature and not the basis for this  remand order.  *See Ellenburg v. Spartan Motors Chassis Inc.*, 519 F.3d 192, 199 (4th Cir. 2008) (A district court may not *sua sponte* remand a case based on a procedural defect, as opposed to a jurisdictional defect which may result in remand at anytime.).  The Court, at this stage of the litigation, is less concerned about whether Defendant has properly pled jurisdictional grounds to be in this Court.  The findings herein concern this Court's consideration of the *substantive* basis for jurisdiction.

[6] (*See* Plaintiff's Statement to the Court Regarding This Court's Subject Matter Jurisdiction Over This Matter ("Pl.'s Statement") (Document No. 53); Defendant's Response In Support of Plaintiff's Statement to the Court Regarding This Court's Subject Matter Jurisdiction Over this Matter ("Def.'s Statement") (Document No. 54)).

[7] Plaintiff did little to bolster this statement, by citing to *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834-35 (8th Cir. 2003) (inasmuch as the Eighth Circuit Court of Appeals considered, *inter alia*, the subject

(continued...)

Tygrett v. Penn Virginia Oil & Gas Corp.

Court's jurisdiction. Instead, Defendant evaded its burden by simply "join[ing]" in Plaintiff's statement. (Def.'s Statement at 1.) Defendant thus relied upon a statement that consisted entirely of a conclusory allegation which falls far short of a demonstration of facts sufficient to establish that the jurisdictional amount has been satisfied.

The Court finds that the record is devoid of any evidence or factual statement with respect to the value of the property at issue, *i.e.*, the surface rights of Tracts 1, 2 and 3, or any monetary value of the alleged damage to the property. The Court cannot accept that alleged damages which involve "discarded . . . debris, rubbish and trash" is sufficient to establish that the jurisdictional amount has been satisfied without any evidence of the costs of any repairs. Likewise, there are no facts or evidence before the Court that establishes the alleged "great waste" that Defendant purportedly caused.[8] There is no evidence that Plaintiff used the land in a commercially economic manner which

---

[7](...continued)
matter jurisdiction of an action involving dispute between life insurance policy holders and an insurance company wherein the court concluded that in a case in which the plaintiff does not state a specific amount of damages, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Ultimately, the court held that the standard was satisfied by the face value amount of the insurance policy that the insurance company would have paid to the Appellants had they prevailed on the merits of their claim.) Indeed, it is not Plaintiff's burden to establish subject matter jurisdiction in this Court.

[8] The court notes that Defendant concedes that it has "drilled wells and constructed an access road, pipelines for the transportation of gas and water from the wells, and other structures on Tracts 1, 2, and 3 of plaintiff's property." (Defendant's Memorandum of Law in Support of Defendant's Motion for Summary Judgment ("Def.'s Memo.")) (Document No. 35) at 8; *see also* Pl.'s Ex. B, Defendant's Responses / Objections to Plaintiff's First Set of Interrogatories and Request for Production of Documents to Defendant ("Def.'s Interrogatory Responses") (Document No. 36-2), ¶ 1) (wherein Defendant identified the following items located on or affecting Plaintiff's property: wells, gas and water gathering lines, two pumping units, two gas/water separators; two gas measurement meters; four water storage tanks and water transfer pumps.) Additionally, "Defendant admits to some routine surface disturbance and/or damage in the normal course of oil and gas activities but denies that any personal property was destroyed or damaged." (Pl.'s Oppn., Ex. A, Defendant's Responses to Plaintiff's First Request for Admissions ("Def.'s Admissions") (Document No. 36-1), ¶ 2.) Further, although not pled in her complaint, Plaintiff, in her deposition testimony also claims that Defendant disturbed her husband's cremains; that she has suffered emotional, psychological and physical injuries due to Defendant's conduct, and that she fell down a hill while walking on her property (during weather conditions that included snow and
(continued...)

Tygrett v. Penn Virginia Oil & Gas Corp.

is now disrupted by Defendant—evidence that would tend to show the cost of any needed repairs or the value of the property. *See Jarrett*, 235 S.E.2d 362. There are also no facts which have been provided to the Court with respect to the monetary value of the "routine surface disturbance and/or damage" which occurred to the property. In accordance with West Virginia law, any recovery that may be received for the damage alleged would be limited to the market value of the property, plus expenses (*Depeterdy*, 1999 WL 33229744, *4 - 5), thus the absence of this important evidence is critical to the Court's determination of subject matter jurisdiction. In short, the Court is left to speculate or assume that the jurisdictional amount has been satisfied.

Inasmuch as there is no evidence before this Court with respect to the market value of Plaintiff's property or the alleged cost of any repairs, and insofar as Defendant has failed to demonstrate that there is subject matter jurisdiction in this Court, the Court cannot find that the jurisdictional requirement has been met. Thus, the Court does not have subject matter jurisdiction and, therefore, should not consider the merits of this case.

### *IV. CONCLUSION*

For the foregoing reasons the Court, on the record before it, cannot find that it has subject matter jurisdiction. By removing this case to federal court, Defendant bore the burden of showing this Court that the amount in controversy has been satisfied. When given the opportunity, Defendant elected not to do so. Accordingly, the Court, *ex mero moto*, does hereby **ORDER** that, pursuant to

---

[8](...continued)
wet leaves) as she attempted to "check" up on Defendant's activities; however, Plaintiff admitted that she did not seek medical treatment or attention at a hospital or emergency room. (*See* Plaintiff's Memorandum of Law Addressing Cross Motions for Summary Judgment ("Pl.'s Oppn.") (Document No. 37), Ex. C. Deposition Transcript of Bilyane Tygrett, February 11, 2009 at 31-33, 39-42.)

Tygrett v. Penn Virginia Oil & Gas Corp.

28 U.S.C. § 1447(c), this case be **REMANDED** to the Circuit Court of Raleigh County, West Virginia. The Court further **ORDERS** that all dates and deadlines previously established in this matter are hereby **VACATED**. Additionally, in light of this ruling, the Court declines the opportunity to review any outstanding dispositive motions.

The Court **DIRECTS** the Clerk to send a certified copy of this Memorandum Opinion and Remand Order to the Circuit Clerk of Raleigh County, West Virginia and a copy to counsel of record.

ENTER: July 23, 2010

_____
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA